UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNIL KUMAR Individually,
and on behalf of All Others Similarly
Situated Who Consent to Their Inclusion
in a Collective Action;

        Plaintiff,

v.                                       CASE NO.:

EXALT FLAVORS, LLC,
a Florida Corporation,

        Defendant.
_____/

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sunil Kumar (hereinafter referred to as "Plaintiff") individually, and on behalf of all others similarly situated who consent to their inclusion in this collective and class action, sues the above Defendant EXALT FLAVORS, LLC, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as the "FLSA"), along with violations of Florida law, and alleges as follows:

### PRELIMINARY STATEMENT

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were meant to combat "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010).

2. This is a collective and class action brought by Plaintiff Sunil Kumar (hereinafter "Plaintiff"), on behalf of himself, all others similarly situated, and the proposed Rule 23 Class to

recover unpaid wages, unpaid overtime wages, and misappropriated tips from Defendant Exalt Flavors, LLC (hereinafter "Defendant").

3. As part of their policy and routine practice, Defendant required Plaintiff and other similarly situated employees to work well over forty (40) hours per workweek, every workweek. However, Defendant would only pay Plaintiff and others similarly situated for forty (40) hours per week at their regular rate of pay.

4. In addition, pursuant to Defendant's policies and routine practice, Defendant refused to pay Plaintiff and other class members tips that they received directly from restaurant patrons.

5. Further, Defendant enticed and coerced Plaintiff and other similarly situated employees to continue working oppressive hours for no compensation (and without receiving any tips) by promising to promote them to management positions and/or give them an ownership share in the company. None of these promises were ever fulfilled, and as a result, Plaintiff and others similarly situated were suffered and permitted to work oppressive hours, causing them emotional and physical turmoil, for no compensation.

6. Plaintiff now brings this action as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and as an opt-out Rule 23 class action on behalf of himself and the proposed Rule 23 Class to remedy violations of Florida law, specifically Florida Statute § 448.08. The proposed FLSA Collective and Rule 23 Class consists of all persons who worked as servers and "managers" for Defendant at any time in the three years prior to the filing of this Complaint.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206, because this action involves a federal question under the FLSA.

8. This Court has supplemental jurisdiction over the claims brought under Florida law pursuant to 28 U.S.C. § 1367(a), as these claims are related to the federal claims brought herein and arise from the same case or controversy as those federal claims.

9. This Court has original and personal jurisdiction over this action because the Defendant is engaged in business within the State of Florida, and the action complained of occurred in Florida.

10. Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because the Defendant owns and operates restaurants in Sarasota County, Florida, and the unlawful conduct occurred within the Tampa Division of this Court.

## PARTIES

**Plaintiff**

11. Plaintiff is currently an adult resident of Seminole County, Florida. During the entirety of Plaintiff's employment with Defendant, he was a resident of Sarasota County, Florida. Plaintiff was formerly employed by Defendant as a server, and then subsequently as a "server manager." During his employment, Plaintiff worked exclusively in Sarasota County.

12. Plaintiff brings this action on behalf of himself and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective were, or are, employed by Defendant as servers and server managers across the states of Florida and Georgia during the applicable statutory period.

13. Plaintiff and the FLSA Collective are current and former employees of Defendant within the meaning of the FLSA and were, or are, employed by Defendant within three years of the date this Complaint is filed. *See* 29 U.S.C. 255(a).

14. Additionally, pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of all persons who worked as servers and server managers for Defendant in Florida and Georgia at any time in the two years prior to the filing of this Complaint (the "Rule 23 Class").

15. At all material times, Plaintiff and members of the proposed Rule 23 Class were "employees" within the meaning of Florida Statute § 448.101(2).

**Defendant**

16. Defendant Exalt Flavors, LLC, is a Florida limited liability company with a principal executive office located at 7119 S. Tamiami Trail, Sarasota, Florida 34231.

17. Defendant is a restaurant group that owns and operates numerous restaurants and food-based retail stores across the states of Florida and Georgia.

18. At all relevant times, Defendant's gross annual sales made or business done has been in excess of $500,000.00.

19. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

20. Defendant operates in interstate commerce by, among other things, purchasing goods and materials used in their restaurants from suppliers across the United States.

**FACTUAL ALLEGATIONS**

21. Plaintiff and members of the proposed FLSA Collective and Rule 23 Class are individuals who were, or are, employed by Defendant as servers or "server managers." Servers are waiters and waitresses at Defendant's various restaurants, in charge of taking food and drink orders from customers and delivering those back to the customer. They also serve to handle each customer's bill for food and drink purchased. Server Managers are individuals who also act as waiters and

4

waitresses, but also supervised junior members of the wait staff, bought groceries for the restaurant, and delivered catering orders.

22. Plaintiff and members of the proposed FLSA Collective and Rule 23 Class were or are paid on an hourly basis.

23. Plaintiff and members of the proposed FLSA Collective and Rule 23 Class are non-exempt employees under the FLSA, as they did not have any authority to hire or fire other employees, their primary duties were not managing the enterprise or a customarily recognized subdivision of the enterprise, their primary duties were not the performance of office or non-manual work, and their primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

24. Moreover, Defendant classified Plaintiff and members of the proposed FLSA Collective and Rule 23 Class as non-exempt employees throughout their employment.

25. Defendant suffered and permitted Plaintiff and members of the proposed FLSA Collective and Rule 23 Class to work, on average, over sixty (60) hours per week. However, Defendant failed to pay Plaintiff and members of the proposed FLSA Collective and Rule 23 Class any compensation whatsoever for any hours worked over forty (40) during each week of their employment.

26. Further, Defendant maintained a policy and practice of denying Plaintiff and members of the proposed FLSA Collective and Rule 23 Class the tips paid to them by customers of the restaurant.

27. Accordingly, Defendant misappropriated all tips received by Plaintiff and members of the proposed FLSA Collective and Rule 23 Class during the entirety of their employment with Defendant.

28. Defendant was aware, or should have been aware, that Plaintiff and members of the proposed FLSA Collective and Rule 23 Class performed work which required they be compensated one and one-half times their regular rate of pay for all hours worked over forty (40) during each workweek, as prescribed by the FLSA.

29. Further, Defendant was aware that Plaintiff and members of the proposed FLSA Collective and Rule 23 Class earned tips during the statutory period, and knowingly, intentionally, and willfully misappropriated all tips earned by Plaintiff and members of the proposed FLSA Collective and Rule 23 Class during the statutory period.

30. Defendant's failure to pay Plaintiff and members of the proposed FLSA Collective and Rule 23 Class in accordance with the FLSA was willful and intentional.

31. Plaintiff has hired the undersigned attorneys and agreed to pay them a reasonable fee.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings Count One on behalf of himself and all similarly situated individuals. The proposed FLSA Collective class is defined as follows:

> All persons who worked in the position of waiter, waitresses, server, or managing server, waiter, or waitress (or similar job position) for Exalt Flavors, LLC at any time in the three years prior to the filing of this Complaint.

33. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit "A" hereto.

34. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

35. As described in the preceding paragraphs, during the applicable statutory period, Plaintiff and members of the proposed FLSA Collective worked at least sixty (60) hours per week, yet only

received compensation for forty (40) hours each week. Further, Defendant misappropriated all tips received by Plaintiff and members of the proposed FLSA Collective during their employment.

36. Defendant willfully violated the FLSA by knowingly failing to pay its servers and managing servers overtime wages and by misappropriating all tips earned by those employees during the statutory period.

37. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective during the statutory period. Accordingly, notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practices and who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings Count Two individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed Rule 23 Class is defined as:

> All persons who worked in the position of waiter, waitresses, server, or managing server, waiter, or waitress (or similar job position) for Exalt Flavors, LLC at any time in the three years prior to the filing of this Complaint.

39. The persons in the proposed Rule 23 Class are so numerous that joinder of all of the proposed Rule 23 Class members is impracticable. While the precise number of class members has not been determined at this time, it is anticipated that at least fifty (50) waiters, waitresses, servers, and managing servers work for Defendant at this time. Hundreds of employees who would be included in the class have worked for Defendant within the statutory period.

40. There are questions of law and fact in common to the proposed Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

   a. Whether Defendant violated the FLSA by failing to pay class members overtime wages during the statutory period;

   b. Whether Defendant violated the FLSA by misappropriating all tips during the statutory period;

   c. Whether Defendant violated F.S. § 448.08 by failing to pay class members any compensation whatsoever for hours worked over forty (40) each workweek;

   d. The proper measure of damages sustained by the Rule 23 Class; and

   e. Whether Defendant should be enjoined from such violations in the future.

41. Plaintiff's claims are typical of those of the proposed Rule 23 Class. Plaintiff, like other members of the proposed Rule 23 Class, worked as a server and as a managing server for Defendant. Like other members of the proposed Rule 23 Class, Plaintiff performed work for Defendant during the statutory period, and received no compensation whatsoever for any hours worked over forty (40) in each workweek during his employment. Further, like other members of the proposed Rule 23 Class, tips received by Plaintiff during the statutory period were misappropriated by Defendant.

42. Plaintiff will fairly and adequately protect the interests of the proposed Rule 23 Class and has retained counsel experienced in complex wage and hour litigation, including Collective and Class actions.

43. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions by individual class members would create a risk of

inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

44. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

45. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There does not appear to be any difficulties in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class to the extent required by Fed. R. Civ. P. 23(c).

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME WAGES
### (On behalf of Plaintiff and the FLSA Collective)

46. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) per workweek.

47. As described in the preceding paragraphs, Defendant suffered and permitted Plaintiff and the FLSA Collective to work overtime hours during the statutory period without any compensation for hours worked over forty (40) per workweek.

48. Plaintiff and members of the FLSA Collective are not exempt from the overtime requirements of the FLSA.

49. Defendant's actions, policies, and practices as described herein violate the FLSA's overtime requirement by willfully and knowingly failing to compensate Plaintiff and members of the FLSA Collective for all overtime hours worked during the statutory period.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and members of the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages, prejudgment interest, and attorney's fees and costs incurred in connection with this claim.

### COUNT II: VIOLATION OF FLORIDA STATUTE § 448.08
### UNPAID WAGES
### (On behalf of Plaintiff and the Rule 23 Class)

51. At all relevant times, Plaintiff and members of the Rule 23 Class were employees of Defendant within the meaning of F.S. § 448.101(2).

52. At all relevant times, Defendant was the "employer" of Plaintiff and members of the Rule 23 Class, within the meaning of F.S. § 448.101(3).

53. During the two-year period prior to the filing of this Complaint, Defendant suffered and permitted Plaintiff and members of the Rule 23 Class to work at their restaurant locations located throughout Florida and Georgia.

54. During the two-year period prior to the filing of this Complaint, Defendant failed to pay Plaintiff and members of the Rule 23 Class any compensation whatsoever or hours worked in excess of forty (40) during each week in which work was performed.

55. Further, during the two-year period prior to the filing of this Complaint, Defendant maintained a policy of withholding and retaining all tips received by Plaintiff and members of the

10

Rule 23 Class. This decision was made knowingly, willfully and intentionally, and in reckless disregard for the law.

56. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and members of the Rule 23 Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and all members of the proposed Rule 23 Class are entitled to all unpaid wages, all unpaid tips, prejudgment interest, and attorney's fees and costs incurred in bringing this action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendant as follows:

i. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of the action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

ii. Judgment against Defendant for violations of the overtime provisions of the FLSA;

iii. Judgment that Defendant's violations of the FLSA were willful;

iv. An award to Plaintiff and those similarly situated for the amount of unpaid overtime wages owed, liquidated damages, and prejudgment interest on any unpaid overtime wages upon which liquidated damages were not assessed;

v. An award of reasonable attorney's fees and costs;

    vi.    Leave to add additional plaintiffs and/or state law claims by motion, by the filing of written consent forms, or by any other method approved by this Court; and

    vii.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, on behalf of himself individually and the proposed Rule 23 Class, prays for relief as follows:

    i.    Certification of the proposed Rule 23 Class as a class action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as class representative, and for designation of Plaintiff's counsel as class counsel;

    ii.    Judgment against Defendant for violation of Florida Statute § 448.08, specifically for their failure to pay Plaintiff and members of the Rule 23 Class any wages for hours worked in excess of forty (40) per week;

    iii.    Judgment against Defendant for violation of Florida Statute § 448.08, specifically for their failure to pay Plaintiff and members of the proposed Rule 23 Class any tips whatsoever during the two years prior to the filing of this Complaint;

    iv.    An award to Plaintiff and all members of the proposed Rule 23 Class of all unpaid wages, misappropriated tips, prejudgment interest, and attorney's fees and costs;

    v.    All further relief that this Court deems just and equitable.

DATED this 1st day of March, 2022, and respectfully submitted by:

    */s/ Nicholas J. Castellano, II*
    Nicholas J. Castellano, II, Esq.
    Florida Bar Number: 0118601
    nick@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Boulevard
Sarasota, FL  34231
Telephone: (941) 923-7700
Fax: (941) 923-7736

*Attorneys for Plaintiff, the Putative FLSA Collective and the Putative Rule 23 Class*