# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Case No.: 8:22-cv-00496-SDM-TGW

SUNIL KUMAR,

        Plaintiff,

vs.

EXALT FLAVORS, LLC,

        Defendant.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCOPORATED MEMORANDUM OF LAW

Plaintiff Sunil Kumar and Defendant Exalt Flavors, LLC, through their respective undersigned counsel, jointly move this Honorable Court to approve the settlement reached by the Parties of the Fair Labor Standards Act claims in this case, and in support thereof state as follows:

1. In his Complaint, Plaintiff alleged that Defendant failed to pay him overtime wages for all hours worked over forty (40) during each workweek of his employment, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Moreover, Plaintiff also brought a claim for unpaid wages generally under Fla. Stat. § 448.08[1].

2. The Parties have successfully come to an agreement to resolve their disputes as to Plaintiff's FLSA claims, and now seek approval of that agreement from the

---

[1] For additional consideration, the Parties have also entered into separate agreements resolving the pending state law claims under Fla. Stat. § 448.08 (among other disputes between the Parties), including general releases of claims. The Parties do not seek Court approval of those agreements.

Court. A copy of the FLSA Settlement Agreement executed by the Parties is attached hereto as Exhibit A.

3. The settlement provides that Defendant will pay Plaintiff and his attorneys the following payments:

　　a. $19,769.00 in unpaid wages (less applicable tax withholdings);

　　b. $19,769.00 in liquidated damages; and

　　c. $30,462.00 in attorney's fees and costs.

4. In exchange for all payments made under the terms of the FLSA Settlement Agreement, Plaintiff agrees to release Defendant from his claims under the FLSA.

5. The amount of attorney's fees and costs expended in this matter have been reasonable. This case has been heavily litigated for over five (5) months. To date, Plaintiff's counsel has prepared and filed a Complaint, which included extensive FLSA Collective and Rule 23 Class allegations. The Parties have exchanged several rounds of discovery, and have also engaged in a substantial amount of informal discovery requests and exchanges, which necessarily included the review of hundreds of pages of documents, many of which were payroll records requiring mathematical calculation to discern their significance. Over the course of the litigation, the Parties have exchanged countless communications via telephone and e-mail regarding the number of hours that Plaintiff worked in light of various documents produced by the Parties and whether Plaintiff was exempt or non-exempt. Plaintiff's counsel spent significant time analyzing Defendant's records to calculate the alleged damages due to Plaintiff.

6. As described more fully below, the Parties agree this is a fair and reasonable settlement of a bona fide dispute as to Plaintiff's FLSA claims.

7. Therefore, the Parties are submitting this Motion and the FLSA Settlement Agreement to the Court for a determination that there has been a fair and reasonable resolution of a bona fide dispute with respect to Plaintiff's FLSA claims.

## **MEMORANDUM OF LAW**

### **A. Standard of Review**

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor*, the Court held, "there are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

1) The existence of fraud or collusion behind the settlement;

2) The complexity, expense, and likely duration of the litigation;

3) The stage of the proceedings and the amount of discovery completed;

4) The probability of Plaintiff's success on the merits;

5) The range of possible recovery; and

6) The opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. 2007)(citing *Cotton v. Hinton*, F.2d 1326, 1331 (5th Cir. 1977)).

**B. There is a Bona Fide Dispute as to FLSA Claims, and All of the Relevant Criteria Support Final Approval of the Settlement.**

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to

compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In this case, Plaintiff asserted that he regularly worked over forty (40) hours per week but was only paid for forty (40) hours each week, depriving him of both overtime pay and straight-time pay. Defendant has maintained throughout the course of the litigation, and continue to maintain, that Plaintiff was an exempt managerial employee. After considering the above disputes, along with the plethora of evidence exchanged to date, the Parties agreed to compromise Plaintiff's FLSA claims.

In evaluating the compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees*, 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is remarkably close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id.* at 1244. Here, the Parties agree that there is a bona fide dispute as to whether Plaintiff was an exempt employee or not. Defendant has presented documents and potential witnesses supporting the notion that Plaintiff was exempt. Plaintiff argues that his specific job duties take him outside of any applicable exemptions.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helmsv. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. 2006). Here, each party was

5

independently represented by counsel. Plaintiff was represented by Nicholas J. Castellano, II, of Buckman & Buckman, P.A., and Defendant was represented by Rashida L. Willhoit of the Gegan Law Office. All counsel involved in this case have extensive experience in litigating claims under the FLSA, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement. The Parties continue to disagree over the merits of the claims asserted by Plaintiff. If the Parties continued to litigate this matter, they would be forced to engage in costly trial, including all pre-trial preparation work, in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchange of information, data and documents to allow counsel and the Court to act prudently. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted a thorough investigation to allow them to make an educated and informed analysis and conclusion. Specifically, Plaintiff's counsel conducted extensive analysis of Plaintiff's payroll records and documents indicating hours worked to create damage models that indicated various damage iterations and potential outcomes. Both Parties were aware of these potential outcomes of the case if it was litigated through trial.

Plaintiff also considered the case law regarding similar employees, some having been found exempt, and some non-exempt, in Florida courts and elsewhere. Defendant has considered the fact that misclassification cases are fact-specific, making summary judgment and an eventual trial very costly to prosecute. Finally, the last consideration was Plaintiff's desire for resolution in this matter. Even if Plaintiff succeeds on the merits, which would require substantial additional time and resources by the Parties, the exact amount of Plaintiff's recovery is uncertain and may be much less than they garnered under the attached Settlement Agreement.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorney's fees. *See Helms*, 2006 U.S. Dist. LEXIS at \*6-7. As noted above, the Parties have heavily litigated this case. The attorneys' fee requested is reasonable given the stage of the litigation and the amount of work performed in this case, and, therefore, the Parties contend that the Court should approve the settlement of Plaintiff's FLSA claims. Further, Plaintiff's counsel's fees were agreed upon separately and without regard to the amount paid to Plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## CONCLUSION

The attached FLSA Settlement Agreement is fair, reasonable, and adequate. The Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement.

WHEREFORE, Plaintiff Sunil Kumar and Defendant Exalt Flavors, LLC, respectfully request that the Court enter an Order granting this Motion and approving the Parties Settlement Agreement attached hereto, and granting such further relief as the Court deems appropriate.

DATED this 19th day of August, 2022.

| For the Plaintiff: | For the Defendant: |
|---|---|
| */s/ Nicholas J. Castellano, II* | */s/ Rashida L. Willhoit, Esq.* |
| Nicholas J. Castellano, II, Esq. | Rashida L. Willhoit, Esq. |
| Fla. Bar No. 0118601 | Fla. Bar No. 093582 |
| Buckman & Buckman, P.A. | Gegan Law Office |
| 2023 Constitution Blvd. | 1005 N. Marion St. |
| Sarasota, FL 34231 | Tampa, FL 33602 |
| (941) 923-7700 | (813) 248-8900 |
| nick@buckmanandbuckman.com | Rashida.willhoit@geganoffice.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via electronic mail to all counsel of record on August 19, 2022.

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601